## HAMPSTEAD'S PETITION.

Original petitioners for the laying out of a highway, and others interested in opposing its discontinuance, are not parties to the proceedings commenced for the purpose of such discontinuance, until they have appeared and assumed the defence.

They are liable as parties only for the costs occasioned by their inter´ence.

They are not answerable for the costs which are incurred before then pearance, nor for such as must be incurred whether there is an appearance or not, nor for the compensation of the road commissioners.

THIS is a petition to the Court of Common Pleas, praying their consent to the discontinuance of a highway, laid out in Hampstead, on the petition of M. Williams and others.

The petition of Williams and others was filed in the clerk's office, July 7, 1848, and an order of notice published; and at the September term, 1848, the petition was referred to the road commissioners. The commissioners appointed a time and place of hearing, and gave notice thereof, according to the instructions contained in their commission, to H. F. French, Esq., the counsel for the original petitioners.

At the hearing before the commissioners, Mr. French appeared as counsel in behalf of the original petitioners, and opposed the discontinuance of the highway. The

commissioners made their report to the court at the February term, 1849, in favor of the discontinuance of the highway; when Mr. French, in behalf of the original petitioners, filed exceptions to the acceptance of the report, and the questions were transferred to the Superior Court. The exceptions were overruled in the Superior Court, and the report was accepted by the Court of Common Pleas.

The town of Hampstead now moves for costs against the original petitioners. They claim their costs from the beginning, including the petition, the entry, order of notice and expense of publication, the amount paid the commissioners, the fees of witnesses, and all other taxable costs.

The original petitioners object to the allowance of any costs:

1. Because there is not any party against whom costs can be taxed, and the case does not come within any rule or principle of law entitling them to costs.

2. They object to the allowance of any costs which had been incurred before there was any appearance against them, and to all costs which the town were bound by law to incur; for instance, the petition and expense of publishing the same in the newspapers, and the expense of calling out the commissioners.

3. They object to the allowance of any costs for fees paid the commissioners, because the board of commissioners are an independent tribunal, established by law, and their compensation is payable by the town or county, and is in no sense costs.

*H. F. French*, for the original petitioners.

*Stickney* and *Tuck*, for Hampstead.

BELL, J.* The case of Barrington's petition, decided

---

* Judge Bell first took part in the decisions of the court at the present term.

in this district at the July term, 1849, settles the general principle that costs are to be allowed upon petitions for the discontinuance of highways. In that case, the parties who appeared to resist the application were the prevailing parties, and the point of the decision was that the town was liable for costs to the defendants, in case they fail in their application; but the principle established by the decision was that petitions for the discontinuance of highways are embraced in the general rule of the Revised Statutes, that costs follow the event of every action or petition, unless otherwise directed by the law or by the court.

The question then arises upon what rule the costs are to be taxed, where the town is the prevailing party, against those who have made themselves defendants by appearing in court and resisting the application. On the part of the petitioners the claim is that the defendants should be liable for all the costs of the proceedings from the commencement, while the petitioners resist the allowance of any costs which the town are bound to incur, though there is no appearance, and the allowance of the expense of the commissioners.

A petition like this differs in many respects from a suit at common law. It is in its commencement an *ex parte* proceeding. Neither the original petitioners, at whose instance the road was laid out, nor the parties whose interests are to be directly affected by the discontinuance, are named in the petition, or are in any way parties to the proceedings; and it often happens, and always may happen, that the case continues to be an *ex parte* proceeding till its final termination.

The court, in obedience to the first great rule in all judicial proceedings, that no decision is ever to be made adversely to the interest of any man, without giving him an opportunity to be heard, direct notice of the proceedings to be given, that all persons who have an interest in the matter may appear and be heard, if they think proper.

This notice is usually directed to be given particularly to one of the leading petitioners for the laying out of the road, or to their counsel, where it has been recently laid out. This is done not because the laws or the court regard the original petitioners as necessarily parties, but because they are the only persons who are known to the court as likely to feel any special interest in the question of discontinuance. After such notice has been given, agreeably to the order of the court, these petitioners are not parties, but stand on the same ground as other persons. But the court after giving such notice permit as a matter of course all persons who have any interest or feeling in regard to the question, to appear and to become parties defendants in the case. After such appearance they are entitled to be regarded and treated as parties. This admission is precisely similar in its principle to the ordinary case of a person who is not a party to a suit, but who finds his interests in some way involved in its decision, applying to the court for leave to appear and defend the action. Such cases are those of subsequent attaching creditors, and of persons who in trustee cases claim rights to the property attempted to be reached by the trustee process, in the hands of the trustee. In such cases, on proper application, the court permit the party to appear and maintain his right on the usual terms; that he give reasonable security by bond, to pay such costs as the court may award against him. The question has very often arisen in such cases, for what costs the person so admitted as a party shall be charged; and the practice has always been, so far as we are aware, to charge him with the costs arising from his interference, and no others; and where a party has so appeared at one term, and by leave of the court has withdrawn from the case at a succeeding term, he has been charged only with the costs which would not have been incurred if he had not interposed in the case.

Parties interested to prevent the discontinuance are not

Hampstead's Petition.

*ipso facto* parties, and they have, as of course, no absolute right to interfere, but are merely strangers to the proceedings. They are to be considered as coming into court and moving for leave to appear and defend. In form, this is not done, but it is only by virtue of an implied admission by the court that such parties have any right to interfere.

The cases then being parallel in principle, the same rule ought to be applied in the taxation of costs; that is, the persons coming in and defending are to be charged with the costs arising from their interference, and with no others.

The costs necessarily incurred by the town, before the appearance of any person adversely interested, are neither caused by the appearance of those parties, nor increased nor affected by such appearance. With these costs, then, they are not chargeable.

The costs of calling out the road commissioners are also indispensable for the success of the application of the town, and must be equally incurred, whether there is an appearance or not. For these the respondents are in no wise chargeable.

The fees of the commissioners stand on ground somewhat different. As we understand, the compensation of this board is, by the policy of our statutes, to be paid by the public, or those bodies which represent the public; that is, by the county, in cases where roads affect several towns, and by the town where the road to be affected is situated in a single town. It is not properly charged in the bill of costs to be recovered by the town.